IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY A. LAGATTA,            )
                                )
        Plaintiff,              )
                                )
    v.                          )        Civil Action No. 08-1268
                                )
THE PENNSYLVANIA CYBER          )
CHARTER SCHOOL,                 )
                                )
        Defendant.              )

MEMORANDUM

Gary L. Lancaster                          February 6, 2012
Chief District Judge.

        This is an action in employment discrimination.
Plaintiff, Kimberly A. LaGatta, alleged that her former
employer, The Pennsylvania Cyber Charter School, terminated her
due to her mental health disability, in violation of the
Americans with Disabilities Act ("ADA"). In opinions issued on
June 30, 2010 and September 7, 2011, we disposed of all of
LaGatta's claims as a matter of law. [doc. nos. 38 & 64].

        Defendant has now filed a motion for attorney's fees.
[doc. no. 70]. According to the Cyber School, because it is the
prevailing party in this case, it is entitled to an award of
$144,453.00. For the reasons set forth below, we deny the Cyber
School's motion.

I.   FACTUAL BACKGROUND

Detailed facts regarding LaGatta's employment and termination can be found in this court's prior summary judgment opinions. [doc. nos. 38 & 64]. Because we write only for the parties, we will not set forth any facts separately here. Instead, relevant facts will be discussed in the context of our disposal of the pending motion below.

II.   LEGAL AUTHORITY

The Americans with Disabilities Act includes a fee-shifting provision, which provides that "[i]n any action… commenced pursuant to this chapter, the court…, in its discretion, may allow the prevailing party… a reasonable attorney's fee." 42 U.S.C. § 12205. Where the prevailing party is the defendant, rather than the plaintiff, a court may award fees only upon a finding that the plaintiff's cause of action was "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 420-21 (1978) (applying Title VII's fee-shifting provision); see also, Fox v. Vice, ___ U.S. ___, 131 S.Ct. 2205, 2213 (2011) (recognizing that the Christiansburg standard applies to fee-shifting provision of civil rights laws under 42 U.S.C. § 1988(b)). In determining whether a plaintiff's claim meets this standard, we are to consider, on a case-by-case basis: (1)

2

whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits; (4) whether the issue was one of first impression requiring judicial resolution; and (5) whether the controversy is based sufficiently upon a real threat of injury to the plaintiff. Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001); E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997). Generally, fee-shifting in favor of a prevailing defendant under the Christiansburg standard is not routine and is only to be sparingly exercised. Christiansburg, 434 U.S. at 421; L.B. Foster, 123 F.3d at 751.

Although the Court of Appeals for the Third Circuit has not yet applied the rule established in Christiansburg to the ADA's fee-shifting provision, other courts of appeals have. Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001); Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001); Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 11 (1st Cir. 1999); Bruce v. City of Gainsville, Ga. 177 F.3d 949, 950-52 (11th Cir. 1999); Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1232 (10th Cir. 1997).

III. <u>DISCUSSION</u>

Even in the absence of controlling precedent, we will apply <u>Christiansburg</u> to the Cyber School's motion for a variety of reasons.  First, the Court of Appeals for the Third Circuit otherwise treats case law under Title VII and the ADA interchangeably when there is no material difference in the statutes.  <u>See</u> <u>e.g.</u>, <u>Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.</u>, 60 F.3d 153, 157 (3d Cir. 1995).  There is no substantive difference between the fee-shifting provisions of the ADA and Title VII.  Second, although the opinion is not precedential, a panel of our Court of Appeals assumed for purposes of disposing of an appeal that <u>Christiansburg</u> applied to a motion for attorney's fees brought pursuant to the ADA. <u>Weisberg v. Riverside Twp. Bd. of Educ.</u>, 272 Fed. Appx. 170, 173 & n.2 (3d Cir. 2008).  And finally, our Court of Appeals affirmed a district court's ruling that explicitly applied <u>Christiansburg</u> to a motion for attorney's fees brought pursuant to the ADA. <u>Veneziano v. Long Island Pipe Fabrication & Supply Corp.</u>, 238 F.Supp.2d 683 (D.N.J. 2002), aff'd, 79 Fed. Appx. 506 (3d Cir. 2003).

The Cyber School asks this court to award it nearly $150,000.00 in attorney's fees to compensate it for time spent defending against LaGatta's allegations of disability discrimination. As an initial matter, we find that there is no dispute that the Cyber School is a prevailing party. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res., 532 U.S. 598, 603-04 (2001). According to the Cyber School, because it has met that legal requirement the court has unfettered discretion to award it attorney's fees under section 12205. The Cyber School does not address the Christiansburg standard until its reply brief.

In that filing, the Cyber School contends that it is entitled to an award of attorney's fees under Christiansburg because LaGatta's pursuit of this ADA claim while seeking Social Security Disability benefits at the same time was frivolous, unreasonable, groundless, and undertaken in bad faith. The Cyber School also discusses the first three factors listed above, i.e., the prima facia case, settlement offers, and dismissal prior to trial, concluding that each favors an award of attorney's fees in this case. LaGatta, of course, argues that an award of attorney's fees is not warranted under the Christiansburg standard, or the same three factors. We will not award the Cyber School any attorney's fees in this case.

We begin our analysis with the well-established rule that fee-shifting in favor of a prevailing defendant is not routine. This is because special considerations apply when a defendant seeks attorney's fees: the court must recognize the possible chilling effect on plaintiffs who may fear having to pay hundreds of thousands of dollars to their opponent if they lose their case, while at the same time deter plaintiffs from filing frivolous claims. See, Veneziano, 238 F.Supp.2d 683, 689.

We now turn to the factors discussed by both parties in order to determine whether LaGatta's case was frivolous, unreasonable, or without foundation. The Cyber School contends that LaGatta did not establish a prima facie case because we granted its second motion for summary judgment, and in doing so chided LaGatta for acting in bad faith. According to the Cyber School, "[p]laintiff, given her status as a social security recipient, had no chance of success on her Complaint." [doc. no. 75 at 3 (emphasis in original)]. The Cyber School has missed the mark on both points.

First, our comments regarding LaGatta's bad faith were made in the context of a judicial estoppel analysis, which we explicitly stated was "not necessary to our decision." [doc. no. 64 at 17-18]. Thus, this bad faith does not define whether LaGatta established a prima facie case under the ADA. Second,

6

the fact that LaGatta received Social Security Disability benefits did not inherently and unavoidable disqualify her from relief under the ADA, as the Cyber School now contends. Instead, as we set forth in our opinion, LaGatta needed only to offer a sufficient explanation as to how her ADA claim could be consistent with her receipt of such benefits. [doc. no. 64 at 10, 12-13]; Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999). LaGatta's explanation was that her firing was what caused her to become totally disabled. This is a plausible explanation, in theory. However, on summary judgment, we found that LaGatta failed to produce sufficient evidence to support it. [doc. no. 64 at 13-17]. Here, the first factor does not direct a finding that attorney's fees are warranted in this case.

Turning to the second factor, we will take the Cyber School's contention that it pursued settlement of this case at face value, even though it is not supported by affidavit or declaration. The court is aware that numerous deadlines were extended to allow for settlement negotiations to continue. Here, we consider this factor to provide some indication that LaGatta's case was not entirely frivolous and that attorney's fees are not warranted.

Finally, this case was resolved prior to trial. The Cyber School is correct that this case involved protracted litigation even though no trial occurred. However, the fact remains that a trial, with the judicial, jury, and client resources required for such an undertaking, was not required in order to resolve this case. Thus, this factor indicates that attorney's fees are not warranted in this case.

Before considering the final two factors, which neither party has addressed, we feel compelled to make the following observation. Although this factor is not identified as requiring judicial consideration, we find that it nevertheless informs our exercise of discretion under section 12205. The Cyber School is not entirely blameless in causing this litigation to be prolonged. The Cyber School acknowledges in its brief in support of its second motion for summary judgment that it knew at least as early as LaGatta's October 2009 deposition that she had applied for Social Security Disability benefits, had been denied benefits, and had appealed that ruling. [doc. no. 56 at 3]. At that point in the Social Security Administration proceedings, LaGatta had already made many of the contradictory factual statements that we identified in our second summary judgment opinion. [doc. no. 64 at 5-6].

We cannot speculate as to why the Cyber School did not follow up on LaGatta's deposition testimony with a discovery request directed specifically to her pursuit of Social Security Disability benefits, or a motion to compel, or why the Cyber School did not explicitly require that LaGatta keep it informed of the status and progress of her appeal before the Social Security Administration. However, had the Cyber School done so it could have presented the arguments it made in its second motion for summary judgment in its first motion for summary judgment.

While we recognize that LaGatta had not yet participated in an appeal hearing or received a favorable ruling from the Administration when the first round of summary judgment briefing was completed, the Cyber School could have nonetheless alerted the court to the pendency of those proceedings and briefed the legal issues. At that point, the court could have either held the motion in abeyance pending the outcome of the appeal or determined that we had sufficient information to rule on the issue even without a final decision from the Social Security Administration.

As the Cyber School concedes, an award of attorney's fees pursuant to the ADA's fee-shifting statute is discretionary. That the Cyber School played some part in the protracted nature of this case affects our exercise of that discretion.

Returning to the remaining two factors, we find that the issue upon which we ultimately decided this case was not one of first impression, and that the case was based on a real threat of injury to LaGatta. LaGatta unquestionably suffered from serious mental illnesses and had, as a matter of fact, lost her job with the Cyber School. These were not manufactured illnesses or consequences, which indicates that an award of attorney's fees is not warranted.

Upon consideration of all factors, and in recognition that awarding attorney's fees to a prevailing defendant is the exception, rather than the rule, we exercise our discretion and deny the Cyber School's motion for attorney's fees. We find that this is not the unusual case in which a plaintiff's employment discrimination claim was so frivolous, unreasonable, or baseless that the employee must reimburse the employer for its attorney's fees. To be sure, LaGatta's case was not strong enough to survive summary judgment, and LaGatta was less than forthright with the court, and her opponent. However, the Cyber School is not entirely without blame. Moreover, the factors

10

considered above do not plainly favor an award of attorney's fees. Under the circumstances, we will not make any such award.

IV.   CONCLUSION

     For the forgoing reasons, we deny the Cyber School's motion for attorney's fees.

     An order to that effect will be filed contemporaneously with this opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY A. LAGATTA,            )
                                )
          Plaintiff,            )
                                )
     v.                         )    Civil Action No. 08-1268
                                )
THE PENNSYLVANIA CYBER          )
CHARTER SCHOOL,                 )
                                )
          Defendant.            )

## ORDER

AND NOW, this 6ᵗʰ day of February, 2012, it is HEREBY

ORDERED that The Pennsylvania Cyber Charter School's motion for

attorney's fees [doc. no. 70] is DENIED.

BY THE COURT,

_____, C.J.

cc:  All Counsel of Record